# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIETA BLACK and CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST, Derivatively on Behalf of JELD-WEN HOLDING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GARY S. MICHEL, MATTHEW D. ROSS, RODERICK C. WENDT, ANTHONY MUNK, STEVEN E. WYNNE, BRUCE M. TATEN, SUZANNE L. STEFANY, WILLIAM F. BANHOLZER, GREGORY G. MAXWELL, MARK A. BECK, KIRK S. HACHIGIAN, L. BROOKS MALLARD, PATRICK TOLBERT, MARTHA S. BYORUM, and ONEX CORPORATION, <br><br> Defendants, <br><br> -and- <br><br> JELD-WEN HOLDING, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. <br><br><br> DEMAND FOR JURY TRIAL |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

Plaintiffs Sheita Black and City of Miami General Employees & Sanitation Employees' Retirement Trust (collectively, "Plaintiffs") hereby move for an order granting permission to file the complaint in this action under seal.

"Documents containing trade secrets or other confidential business information may be protected from disclosure." *Leucadia v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). To override the presumption of public access, the party seeking the sealing of part of the judicial record must show the material is (1) "the kind of information that courts will protect[,]"

and (2) "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted).

Plaintiff's Complaint contains information protected by a confidentiality agreement ("Confidentiality Agreement") entered into between Plaintiffs and JELD-WEN Holding, Inc. ("JELD-WEN"). The underlying information is confidential, contains sensitive business information, and the NDA expressly prohibits unrestricted public disclosure of the underlying information. "Documents containing . . . confidential business information"—like the documents and information covered by the NDA at issue here—are a type of information that courts may protect from public disclosure. *Leucadia*, 998 F.2d at 166. This Court has granted such motions in the past, further demonstrating that this is the kind of information that courts will protect. *See, e.g.*, *AbbVie Inc. v. Gilead Scis., Inc.*, C.A. No. 14-379-GMS, D.I. 6 (D. Del. Mar. 25, 2014) (granting motion to seal a complaint that disclosed information subject to a contractual confidentiality obligation); *Nanomotion, Ltd. v. Tamron Co. Ltd.*, C.A. No. 13-498-GMS, D.I. 7 (D. Del. Apr. 1, 2013); *Lithero, LLC v. AstraZeneca Pharms. LP*, No. 19-2320-RGA, D.I. 5 (D. Del. Dec. 20, 2019). Publicly disclosing this information would result in serious harm to both parties by causing public disclosure of confidential information covered by the Confidentiality Agreement.

Accordingly, Plaintiffs respectfully request leave to file their complaint under seal. In accordance with D. Del. LR 5.1.3, Plaintiffs have prepared a redacted version of the Complaint, with the confidential information removed, and will file the redacted version within seven days.


| Dated: June 21, 2021 | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** |
|---|---|
| | |
| | */s/ Gregory V. Varallo* |
| | Gregory Varallo (Bar No. 2242) |
| | 500 Delaware Avenue, Suite 901 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 364-3601 |
| | Facsimile: (302) 364-3610 |
| | E-mail: greg.varallo@blbglaw.com |
| OF COUNSEL | |
| **ROBBINS LLP** | *Attorneys for Plaintiffs* |
| Brian J. Robbins | |
| Gregory E. Del Gaizo | |
| Matias Montillano | |
| 5040 Shoreham Place | |
| San Diego, CA 92122 | |
| Telephone: (619) 525-3990 | |
| Facsimile: (619) 525-3991 | |
| E-mail: brobbins@robbinsllp.com | |
|         gdelgaizo@robbinsllp.com | |
|         mmontillano@robbinsllp.com | |